UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:23CV281 HEA |
| | ) |
| ALYSSIA WILHITE, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant K.D.'s Motion to Dismiss or in the Alternative Motion to Stay [Doc. No. 22]. The motion is fully briefed. For the reasons stated below the motion is GRANTED, and the case is DISMISSED without prejudice.

### Background

This declaratory judgment action involving insurance coverage was filed on March 6, 2023. The case arises regarding the claim of K.D. against Defendant Michael Wilhite for dog bites K.D. suffered. On February 2, 2023, K.D., through his next friend, C.D., filed a lawsuit against Michael Wilhite in the Circuit Court of Franklin County, Missouri, alleging, in part, that Michael Wilhite was liable for the dog bites K.D. suffered. On May 1, 2023, an amended petition was filed, No.

23AB-CC00030. (Cir. Ct. of Franklin Cnty.). A judgment was entered against Michael Wilhite and was entered on July 27, 2023.

Following the July 27, 2023 judgment, on September 25, 2023, K.D. filed an equitable garnishment claim in the Circuit Court of Franklin County, Missouri, against Plaintiff and Defendant Michael Wilhite. No. 23AB-CC00197 (Cir. Ct. of Franklin Cnty.). In that case, K.D. seeks to recover insurance proceeds under an equitable garnishment claim brought under § 379.200, RSMo. To be clear, the defendants in that second action are Plaintiff and Defendant Michael Wilhite.

In this declaratory judgment case, Defendant K.D. now seeks dismissal or a stay of this case, arguing that Plaintiff will have an opportunity to litigate these issues in the pending state court proceeding.

**Legal Standard**

As a general matter, federal courts "must exercise [their] jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16-19 (1983); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). Where, as here, federal actions are brought seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts have "greater discretion" to "decline to enter a declaratory judgment" where there is a parallel state action. *Wilton v. Seven Falls*

2

*Co.*, 515 U.S. 277, 286 & 287 (1995); accord *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792-93 (8th Cir. 2008) (recognizing "in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*") (citation omitted).

In Wilton, the Supreme Court explained: "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." 515 U.S. at 288. In other words, "[w]hen there is a federal declaratory judgment action and a parallel state court proceeding, 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.' " *GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 724 (8th Cir. 2019) (quoting *Wilton*, 515 U.S. at 288). "Rendering a declaratory judgment where there are parallel state court proceedings, and no issues of federal law would ordinarily be uneconomical as well as vexatious." *Id*. at 724 (cleaned up). The Eighth Circuit has set forth the relevant analysis as follows:

> [I]n [d]eciding whether to entertain a declaratory judgment action, a district court should determine if the question in controversy would be better settled in the proceedings in state court. This analysis includes whether the state case involves the same issues and parties as the federal declaratory case, whether all claims can be decided in the state court, and whether all parties are joined and amenable to process there. The issues cannot be governed by federal law.

*Cincinnati Indem. Co. v. A&K Constr. Co*., 542 F.3d 623, 625 (8th Cir. 2008) (citations omitted); accord *Lexington Ins. Co. v. Integrity Land Title Co., Inc*., 721 F.3d 958, 967 (8th Cir. 2013) (where parallel state action is pending, federal court's discretionary decision whether to abstain in declaratory judgment action "is to be guided by considerations of judicial economy, by considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings") (cleaned up).

In other words, "for a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present 'the same issues, not governed by federal law, between the same parties.'" *Royal Indem*., 511 F.3d at 793 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "And the court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" *Id*.

## Discussion

Defendant moves for dismissal or a stay, arguing that Plaintiff will have an opportunity to raise its policy defenses to the instant action for declaratory judgment as to insurance coverage in the equitable garnishment state court

4

proceeding. Plaintiff argues that Defendant's request for abstention should be denied because there is no requisite pending parallel state court action to support such abstention. Plaintiff notes that K.D's state court action was not filed until after this federal action was filed, and that Defendant Alyssia Wilhite is not a party to the state court action. The Court does not find Plaintiff's arguments persuasive.

The Court determines that this case and the state court proceedings are parallel and are both in their early stages. The parties in both cases are substantially the same in that the interests of Michael and Alyssia Wilhite arise through a single policy. Additionally, the legal issues involved in both cases are substantially the same. Both the equitable garnishment state claim and this declaratory judgment claim are seeking the determination of whether the policy covers K.D's injuries. Both cases are governed solely by state law, not federal law. Moreover, Plaintiff does not dispute that the state court proceeding will address the same issues presented to this Court in the federal declaratory judgment action. As to Plaintiff's contention that the Court should retain jurisdiction over this case because this suit was filed first, the Eighth Circuit has rejected such argument. See *Capitol Indemn. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).

When a district court abstains from exercising jurisdiction over a federal declaratory judgment action, the district court has discretion in deciding whether to stay the action or to dismiss it. *Wilton*, 515 U.S. at 288. Here, the scope of the state

court action is broad enough to fully resolve all disputes between the parties and there is no reason why this action would return to federal court. Therefore, dismissal, rather than a stay, is warranted. *Capitol Indem. Corp.*, 218 F.3d at 875 n.2.

## Conclusion

Based upon the foregoing analysis, the Court concludes this matter should be dismissed without prejudice to refiling in the event all issues are not resolved in the state court proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss or in the alternative motion to stay [Doc. No. 22] is **GRANTED**,

**IT IS FURTHER ORDERED** that the case is **DISMISSED** without prejudice.

Dated this 22nd day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE